UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERON MONTRELL REED,<br><br>               Petitioner,<br>     v.<br>WARDEN CARR,<br><br>               Respondent. | No. CV 19-973-CJC (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION |

On February 8, 2019, Petitioner Ceron Montrell Reed ("Petitioner"), a federal inmate currently incarcerated at the Federal Correctional Institution II in Victorville, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket. No. 1). The Petition challenges Petitioner's 2006 sentence imposed in the United States District Court for the Western District of North Carolina.

**PROCEDURAL BACKGROUND**[1]

Petitioner was indicted in the Western District of North Carolina in December 2005 for carjacking and aiding/abetting, in violation of 18 U.S.C. §§ 2, 2119 (Count

---

[1] The Court takes judicial notice of the orders issued in Petitioner's numerous challenges to his conviction and sentence, including *United States v. Reed*, 239 F.App'x 808 (4th Cir. 2007); *Reed v. United States*, Nos. 3:12-cv-377 and 3:05-cr-419, 2015 WL 5431045 (W.D. N.C. Sept. 15, 2015); and *Reed v. Hazlewood*, Case No. 17-cv-103-PB, 2018 WL 1278314 (D. New Hampshire Feb. 6, 2018).

1

One); using, carrying, brandishing, and discharging a firearm during and in relation to that crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1(A) (Count Two); and possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) (Count Three). Petitioner pleaded guilty to those charges in June 2006. Petitioner's Presentence Report identified two prior North Carolina drug offense convictions in Petitioner's criminal history, one of which resulted in an eight to ten month sentence, and the other of which resulted in a ten to thirteen month sentence. Both of these prior convictions were deemed to be predicate controlled substance offenses for purposes of qualifying Petitioner for career offender designation under the advisory United States Sentencing Guidelines, U.S.S.G. § 4B1.1.[2] Petitioner was sentenced in 2006 to an aggregate term of 262 months imprisonment, consisting of 142 months was as a career offender on Counts One and Three, and a consecutive term of 120 months on Count Two.

## PETITIONER'S CONTENTIONS

Petitioner raises the following sole ground for relief:

> The District Court erred as a matter of law in applying the Guidelines to undisputed underlying facts, by designating Petitioner as a Career Offender based on a conviction for an offense that the court erroneously held was a controlled substance offense.

(Docket No. 1, ¶ 9(a).) Petitioner's primary contention is that, based on the Fourth Circuit's en banc opinion in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) (where sentences imposed for prior North Carolina convictions were less than one year, those convictions could not serve as predicate felony drug convictions under

---

[2] U.S.S.G. § 4B1.1, in relevant part, provides the following: "[a] defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." A "controlled substance offense" is a drug offense "under federal or state law, punishable by imprisonment for a term exceeding one year." *Id.* § 4B1.2(b).

the Controlled Substances Act's ten-year mandatory minimum sentence requirement), the sentencing court erroneously relied upon one of Petitioner's prior North Carolina drug offense convictions (for which he received a maximum term of ten months) when classifying him as a "career offender" under U.S.S.G. § 4B1.1. Petitioner asserts that, had the court not relied on that conviction, he would have been subject to a reduced sentencing range of 77 to 96 months, instead of 262 to 327 months. (Docket No. 1, ¶ 9(a).)

## DISCUSSION

Because Petitioner is challenging the legality of his sentence, he may not assert his claim under 28 U.S.C. § 2241 ("section 2241") unless he can show that his remedy under section 2255 is inadequate or ineffective to test the legality of his detention. Here, Petitioner fails to make that showing. Thus, the Court lacks jurisdiction to decide Petitioner's claim. Moreover, as the sentencing court has already dismissed Petitioner's section 2255 motion raising the same issue (*Reed v. United States*, Nos. 3:12-cv-377 and 3:05-cr-419, 2015 WL 5431045 (W.D. N.C. Sept. 15, 2015)), the Court declines to transfer this matter to the sentencing court or the Fourth Circuit Court of Appeals.

A. <u>Petitioner May Not Raise His Claim in a Petition Under Section 2241</u>

The Court is obligated to address the issue of jurisdiction before it can reach the merits of Petitioner's claim. *See Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000). Challenges to the legality of a conviction or a sentence generally must be made in a motion to vacate sentence filed under section 2255 in the sentencing court. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Challenges to the manner, location, or conditions of a sentence's execution must be filed under 28 U.S.C. § 2241 ("section 2241") in the custodial court. *See Hernandez*, 204 F.3d at 864.

Notwithstanding the general rule that a petitioner must challenge the legality of his confinement in the sentencing court, section 2255(e) provides an exception to this rule if section 2255 "is inadequate or ineffective to test the legality of his detention."

3

Under section 2255(e), known as the "escape hatch," a petitioner may challenge the legality of his sentence in the custodial court through a petition filed under section 2241 if he meets certain requirements. *E.g.*, *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In the Ninth Circuit, the escape hatch is available to a petitioner when he "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted). Significantly, if the petitioner satisfies the escape hatch requirements, he may avoid the procedural hurdles that are specific to section 2255 motions. *See, e.g.*, *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003) (petitioner may use the escape hatch to avoid the bar on second or successive motions).

Here, because Petitioner seeks to challenge the legality of his sentence, the Petition should have been filed as a section 2255 motion in the sentencing court unless Petitioner can demonstrate that the escape hatch entitles him to file the Petition under section 2241. As Petitioner has previously filed a section 2255 motion, any further motions are subject to denial as second or successive unless his claims are based on newly discovered evidence or on a new rule of constitutional law. *See* 28 U.S.C. 2255(h). Because his present claim is not predicated on either of those acceptable bases, it appears that section 2255 leaves him no way to raise his present claim. However, that does not mean that section 2255 is "inadequate or insufficient to test the legality his detention."

First, Petitioner raised the same issue in a section 2255 motion in the sentencing court. Therefore, Petitioner has already had an "unobstructed procedural shot" at presenting his claim. However, even if Petitioner had never had an unobstructed opportunity to present his current claim, he nevertheless does not allege – let alone prove – that he is actually innocent. "In [the Ninth Circuit], a claim of actual innocence for the purposes of the escape hatch of section 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623, 118

S.Ct. 1604 (1998): To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Actual innocence means factual innocence, not merely legal insufficiency." *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012).

In *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012), the Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." *Marrero*, 682 F.3d at 1195. Acknowledging that "actual innocence means factual innocence, not mere legal insufficiency," the court found that the petitioner was not eligible for the escape hatch, despite a change in the law that resulted in the conclusion that the petitioner was "incorrectly treated as a career offender." *Id.* at 1193. At least one court within this circuit has found that *Marrero* applies specifically to instances where a petitioner is classified as a career offender under U.S.S.G. § 4B1.1. *Williams v. Fox*, 2016 WL 1530045 (C.D. Cal. Feb. 24, 2016), *Report and Recommendation adopted by* 2016 WL 1465316 (C.D. Cal. Apr. 14, 2016).

Although Petitioner does not argue that he was actually innocent of the crimes of which he was convicted, he argues that the sentencing court, "erred in applying the Guidelines to undisputed underlying facts by designating Petitioner as a Career Offender." (Docket No. 1, ¶ 9(a).) To the extent Petitioner is arguing that he was actually innocent of the sentencing enhancement, this claim is not cognizable as a claim of actual innocence for purposes of the escape hatch. In *Marrero*, the Ninth Circuit acknowledged that it has not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch. *Marrero*, 682 F.3d at 1193. However, in *Marrero*, as in the present case, the petitioner's claim regarding his sentence was a purely legal claim that had nothing to do with factual innocence. *Id.*

In sum, because Petitioner does not qualify for the escape hatch provision of

section 2255(e), he may not bring the present challenge to his sentence as a section 2241 petition in this Court but must raise it in a section 2255 motion. Because a section 2255 motion must be filed before the sentencing court, this Court lacks jurisdiction over Petitioner's claim.

B. The Petition Should Not Be Transferred

Where a court lacks jurisdiction over a matter, that court may transfer the matter to a court with jurisdiction over the claim. *See* 28 U.S.C. § 1631. Transfer of habeas petitions is proper where: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *See Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001). Here, the Court declines to transfer this matter to the Western District of North Carolina or the Fourth Circuit Court of Appeals. Petitioner filed a section 2255 motion in the Western District of North Carolina raising the decision in *Simmons*. *Reed*, 2015 WL 5431045. That petition was dismissed with prejudice. *Id.*, at *4. Further, Petitioner cannot meet the gatekeeping requirements to file a successive section 2255 motion. The circuit court will not authorize a second or successive petition unless it is based on: 1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or 2) new facts that could not have been discovered previously through the exercise of due diligence and which would, if proven and viewed in light of the evidence as a whole, be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found Petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). Petitioner's grounds for relief are based on the Fourth Circuit's interpretation of the Sentencing Guidelines, the Controlled Substances Act, and North Carolina law, not a new rule of constitutional law. Further, even if *Simmons* had pronounced a rule of constitutional law, that rule would not be new for purposes of a second or successive petition because Petitioner already presented the issue in his prior petition. Finally,

Petitioner's arguments are based on a legal argument, rather than new facts.  Thus, the Court finds that transfer is improper.

# CONCLUSION

For the foregoing reasons, the Petition is dismissed without prejudice for lack of jurisdiction.

IT IS SO ORDERED.

Date:   February 15, 2019

CORMAC J. CARNEY
United States District Judge

Presented by: /S/FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge